**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRYAN SWIGER,** *et al.***,** | ) | **Case No. 1:10-cv-1968** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **JANICE STEELE,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court is the Motion for Judgment on the Pleadings filed by Defendants

Janice Steele and Sullivan Township.  Plaintiffs Bryan and Paulette Swiger have opposed the

motion and moved for leave to amend their complaint.  Defendants have filed their reply brief.

For the reasons discussed, infra, Defendants' Motion for Judgment on the Pleadings (**Doc #: 6**) is

**GRANTED**, Plaintiffs' Motion for Leave to Amend Complaint (**Doc #: 10**) is **DENIED**, and

judgment is hereby **ENTERED** in favor of Defendants.

**I.**

Plaintiffs' complaint alleges that on September 2, 2006, Plaintiff Paulette Swiger

called Defendant Janice Steele, the Zoning Inspector for Sullivan Township in Ashland County,

Ohio, regarding a property known as "533 U.S. Rt. 224."  Defendant Steele informed Ms. Swiger

that 533 U.S. Rt. 224 was zoned "R-2" or "Rural Center," a zoning designation permitting multi-family dwellings.  Relying on this representation, Plaintiffs purchased 533 U.S. Rt. 224 with the intent to construct multi-family residences on the property.

On September 23, 2006, Plaintiffs met with Defendant Steele to obtain R-2 permits but were told by Defendant Steele that 533 U.S. Rt. 224 was, in fact, zoned "General Farm," a designation not permitting construction of multi-family housing.  Defendant Steele further represented that no Zoning Map of Sullivan Township existed, the R-2 zoning designation did not exist, and multi-family housing could not be built on 533 U.S. Rt. 224 without a variance which would "never be granted."  Plaintiffs contacted the Sullivan Township Trustees to verify what they had been told.  The Trustees deferred to Defendant Steele.

Plaintiffs then abandoned their initial plans for 533 U.S. Rt. 224 and sold part of the property.  However, on March 5, 2008, Trustee Mark Hickey informed Plaintiffs that a Sullivan Township Zoning Map did, in fact, exist.  On March 9, 2008  Paulette Swiger met with Defendant Steele, who stated that she did not have a copy of the Zoning Map and that R-2 zoning did not exist.  However, when "pressed," Defendant Steele admitted that R-2 zoning existed but that Plaintiffs' property did not qualify.  Plaintiffs visited Trustee Hickey's home that evening to view the Zoning Map.  The Zoning Map indicated that both 533 U.S. Rt. 224, and another property Plaintiffs had considered purchasing, were zoned R-2.

On April 10, 2008, Paulette Swiger attempted to obtain a permit for constructing a multi-family dwelling.  However, Defendant Steele refused to issue the permit, contending again that Plaintiffs' property was "General Farm" and therefore no multi-family dwelling could be constructed thereupon.  Plaintiffs commenced public records requests from Sullivan Township;

-2-

most of these record requests were either not provided to Plaintiff in the time required by state

law or not provided at all.  Plaintiffs then filed a state law claim against Sullivan Township and

the responsible official in the Court of Common Pleas of Ashland County for violations of the

Ohio Public Record Act.  Plaintiffs allege that they discovered information during the state

public records that led to the filing of the instant complaint.

On September 9, 2010, Plaintiffs filed the instant complaint against Defendants

Steele and Sullivan Township, bringing causes of action for: (1) fraud under Ohio law; (2)

violation of the Equal Protection Clause of the United States Constitution under 42 U.S.C. 1983;

and conspiracy to violate the Equal Protection Clause under 42 U.S.C. 1985(3).  Defendants

moved for judgment on the pleadings on September 29, 2010.  Plaintiffs filed their opposition

brief on October 29, 2010; Defendants replied to Plaintiffs' opposition on November 8, 2010.

**II.**

Defendants have moved for judgment on the pleadings on three grounds: (1) the

complaint is barred by the statute of limitations; (2) the complaint fails to properly allege an

equal protection claim; (3) the complaint fails to properly allege a 42 U.S.C. §1983 claim; and

(4) the complaint fails to properly allege a 42 U.S.C. §1985 claim.[1]

Defendants argue that Plaintiffs' claims are barred by the statute of limitations

because the complaint was not filed within the two-year statute of limitations period nor within

the one-year safe harbor provided by the Ohio Savings Statute, R.C. 2305.19.  Defendants'

motion to dismiss attaches a complaint filed in the Court of Common Pleas of Ashland County,

---

[1]In their opposition brief, Plaintiffs voluntarily withdrew their §1985 conspiracy claim,
conceding that it was made in error.

dated July 3, 2008 (the "state complaint").  The state complaint, which does not appear to be the Ohio Public Records Act claim brought by Plaintiffs and is not referred to in Plaintiffs' instant complaint, alleges a cause of action against Defendant Steele and the Sullivan Township Trustees for fraud under Ohio law.  Defendants also attach a notice, dated February 24, 2009, voluntarily dismissing without prejudice the state complaint.

Under Ohio law, the statute of limitations for a fraud claim is two years [CITE].  However, under the Ohio Savings Statute, if an action has failed "otherwise than upon its merits," the plaintiff may file a new action within one year of the date of the failure of the action upon the merits or within the period of the original applicable statute of limitations, whichever is later.  The statute of limitations period commenced on Plaintiffs' fraud claim no later than March 9, 2008.  On that date Plaintiffs, attempted to obtain an R-2 multi-family dwelling permit but were told by Defendant Steele first that R-2 zoning did not exist and then that R-2 did exist but that their property was zoned General Farm.  Furthermore, that same day, Plaintiffs, by looking at the Sullivan Township Zoning Map, discovered that their property was zoned R-2.

Plaintiffs' state complaint was filed on July 3, 2008.  Though Plaintiffs claim that "the accrual date of the [federal complaint] is not the same as that asserted in" the state complaint, the Court disagrees.  The state and federal complaints arise from the same operative causes of action and contain nearly identical material allegations.  The date from which point the statute of limitations period commenced is therefore identical in both complaints.

As Plaintiffs voluntarily dismissed their state complaint on February 24, 2009, Plaintiffs were provided until March 9, 2010 (the expiration date of the original statute of limitations period, which is later than one year after the voluntary dismissal) to file their action

pursuant to the Ohio Savings Statute.  Plaintiffs' complaint was filed on September 9, 2010, and therefore is untimely as to the state fraud cause of action.

Similarly, the statute of limitations for a 42 U.S.C. §1983 claim arising in Ohio is two years from the accrual of the claim.  *Banks v. City of Whitehall*, 344 F.3d 550, 552 (6th Cir. 2003) (citing Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989)).  The "cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages ... even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).  Therefore, the latest the statute of limitations period could have commenced is April 10, 2008, the final time Defendant Steele refused to issue an R-2 permit to Plaintiffs.  As more than two years passed before Plaintiffs filed their complaint on September 9, 2010, Plaintiffs' federal cause of action under 42 U.S.C. §1983 must also be dismissed.  Moreover, as no amendment to the complaint could cure the failure to file within the statute of limitations period, Plaintiffs' Motion for Leave to Amend Complaint is denied.

### III.

For the reasons discussed, *supra*, Defendants' Motion for Judgment on the Pleadings (**Doc #: 6**) is **GRANTED**, Plaintiffs' Motion for Leave to Amend Complaint (**Doc #: 10**) is **DENIED**, and judgment is hereby **ENTERED** in favor of Defendants.

**IT IS SO ORDERED**.

*/s/Dan Aaron Polster     November 22, 2010*
**Dan Aaron Polster**
**United States District Judge**